UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 07-87(RJL) |
| v. | |
| MICHAEL CREASY, | |
| Defendant. | |

FILED

APR 10 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF OFFENSE

Had this case proceeded to trial, the United States would have established the following beyond a reasonable doubt:

Pursuant to District of Columbia Code Section 1-207.38, the Council of the District of Columbia ("the D.C. Council") has divided the District of Columbia into neighborhood commission areas and established elected an Advisory Neighborhood Commission ("ANC") for each area. The ANCs advise the District Government on public policy issues such as zoning, social services programs, health, safety and sanitation that impact their respective neighborhood commission areas. The District Government provides the ANCs with a quarterly monetary allotment to enable the ANC to employ staff and conduct business.

There are thirty-seven ANCs in the District. The members of each ANC are elected from single member districts ("SMD") within the larger neighborhood commission area by voters from those districts. The members of the respective ANCs then elect the chairperson, secretary and treasurer for their commission.

In November 2004, Michael Creasy was elected as a commissioner for ANC 7D. He was subsequently elected as the treasurer by his fellow commissioners. In that capacity, Mr. Creasy was responsible for maintaining the financial records of the ANC and preparing a quarterly financial report for the Office of the District of Columbia Auditor. As treasurer, Mr. Creasy was an authorized signatory on the ANC's bank account with Industrial Bank. He also maintained physical control over the checkbook. However, no check could be issued without the Commission's authorization of the particular expenditure and the signature of two commissioners, one of whom had to be the treasurer, Mr. Creasy, or the chairperson of the ANC, Dorothy Douglas.

Beginning in July 2005, Mr. Creasy engaged in a scheme to funnel money from ANC's account with Industrial Bank to himself by issuing ANC's checks that he made payable to himself, without the knowledge or authorization of the Commission. From on or about July 29, 2005 to on or about January 26, 2006, within the District of Columbia, Mr. Creasy wrote, signed and cashed sixty-six such checks. Because the bank required two signatures on each ANC check, Mr. Creasy signed his own name and then forged or otherwise falsely signed Ms. Douglas' name on each check. The checks varied in amount from $100 to $975, and totaled $49,800. The ANC only became aware

of Mr. Creasy's conduct on January 27, 2006, when an ANC employee was unable to cash his payroll check at his personal bank due to insufficient funds in the ANC's bank account.

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
for the District of Columbia

By: _____
PRECIOUS MURCHISON
DENISE M. CLARK
Assistant U.S. Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-6080
(202) 353-8213

## DEFENDANT'S ACCEPTANCE

I have read this Statement of Offense consisting of three pages and have discussed it with my attorney, Lara Quint, Esquire. I fully understand this Statement of Offense and agree that it fairly and accurately describes my actions and involvement in the Offense to which I am pleading guilty. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense.

Date: 10 Apr. 07

Michael Creasy
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Statement of Offense, and have reviewed and them with my client, fully. These pages accurately and completely set forth my client's actions and involvement in the Offense to which he is pleading guilty.

Date: 4/10/07

Lara Quint, Esquire
Attorney for the Defendant