UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-087 (RJL) |
| | : | |
| v. | : | |
| | : | |
| | : | SENTENCING:   August 31, 2007 |
| MICHAEL CREASEY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR GUIDELINES CREDIT AND
MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court, pursuant to § 3E1.1(a) of the Sentencing Guidelines, to adjust the Defendant's offense level down two levels reflecting the Defendant's acceptance of responsibility for this offense. The United States also submits this memorandum in aid of sentencing.

**I.   BACKGROUND**

On March 30, 2007, the Defendant was charged in a one-count criminal Information with Uttering a Forged Security, in violation of Title 18 United States Code, Section 513(a). On April 10, 2007, the Defendant pled guilty to the Information. At that time the Defendant signed a "Statement of Offense" and admitted to following pertinent facts:

In November 2004, Defendant Creasey was elected as a commissioner for the Advisory Neighborhood Commission for the Seventh District ("ANC 7D"), and subsequently elected as treasurer by his fellow commissioners. In that capacity, the Defendant was responsible for maintaining the financial records of the ANC 7D and preparing a quarterly financial report for the

Office of the District of Columbia Auditor. As treasurer, the Defendant was an authorized signatory on the ANC's bank account with Industrial Bank. He also maintained physical control over the checkbook; however, no check could be issued without the Commissioner's authorization of the particular expenditure and the signature of two commissioners, one of whom had to be the treasurer (the Defendant) or the ANC chairperson, Dorothy Douglas.

Beginning in July 2005, the Defendant engaged in a scheme to funnel money from the ANC account with Industrial Bank to himself by issuing ANC checks made payable to himself, without the knowledge or consent of the Commission. From July 29, 2005, to January 26, 2006, the Defendant uttered and cashed 66 forged checks in this District. He forged Ms. Douglas's name on each of the checks, which ranged in amounts from $100 to $975, totaling $49,800. The Defendant's conduct was discovered on January 27, 2006, when an ANC employee was unable to cash his payroll check due to insufficient funds in the ANC's bank account.

## II.    SENTENCING CALCULATION

### A.    Statutory Minimums and Maximums

The charge carries a maximum sentence of 10 years imprisonment, a fine of up to $250,000 or a fine of twice the pecuniary gain or loss, a special assessment of $100.00, and up to three years of supervised release.

### B.    Sentencing Guidelines Calculation

The Guidelines calculation utilized in the Presentence Investigation Report ("PSR") calculates the Defendant's total offense level at 10.[1] See PSR ¶ 23. (This calculation contemplates

---

[1] The Defendant's current total offense level is 10. Consistent with paragraph six of the written plea agreement, undersigned counsel does not argue that a two-point upward adjustment should be added to the Defendant's base offense level of six. However, as we argue

a two-level increase to the Defendant's base offense level pursuant to Section 3E1.1 of the Guidelines). The PSR calculates the Defendant's criminal history as Category I. See PSR ¶ 29. Therefore, the PSR calculates the Guideline range for the Defendant at six to 12 months. See PSR ¶ 57.

### III. GOVERNMENT'S RECOMMENDATIONS

#### A. Acceptance of Responsibility

The government agrees that the Defendant's base offense level should be decreased by two points pursuant to Section 3E1.1 of the Sentencing Guidelines. He entered a guilty plea, thereby admitting the conduct comprising the offense, and he has apparently cooperated in the pre-sentence investigation. Accordingly, the government is moving the Court to grant a two-level decrease in the offense level pursuant to § 3E1.1 of the Sentencing Guidelines.

#### B. Application of the Federal Guidelines post-Booker

The Court should impose a sentence at the high end of the Guidelines range. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). As a consequence, the Court invalidated the statutory provision that made the Guidelines mandatory, Title 18, United States Code, Section 3553(b)(1). Booker, 125 S. Ct. at 756. However, the Court expressly refused to invalidate the Guidelines in their entirety. To the contrary, the Court upheld the remainder of the Guidelines as the most appropriate

---

more fully in the text *infra*, the Defendant abused a position of public trust, and this fact is relevant to the Court's sentencing determination. See 18 U.S.C. Section 3553 (The [C]ourt, in determining the particular sentence to be imposed shall consider. . . the nature and circumstances of the offense").

benchmark for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described in the Guidelines. See 18 U.S.C. Section 3553(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." Id. at 769.

"The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker, 125 S. Ct. at 767 (citing 18 U.S.C. Sections 3553(a)(4)&(5) (Supp. 2004)). The Guidelines, aiming to achieve the uniform and appropriate treatment of like crimes, represent the distillation of two decades of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress. A sentence within the Guideline range is reasonable in this case because it would help further the goals articulated in 18 U.S.C. Section 3553(a) such as "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

  C. Basis for Government's Sentencing Recommendation

Pursuant to 18 United States Code, Section 3553(a), the Court should impose a sentence of 12 months. This high-end Guidelines sentence is appropriate for a number of reasons. First, the serious nature and circumstances of the offense justifies imposition of 12 months imprisonment. The ANC 7D is the voice of the community. It weighs in on many important government decisions and

comments on virtually every aspect of public policy affecting 7D. For example, the ANC 7D testifies at hearing before the city council and comments on issues such as education, land use and development, youth program grants and funding, zoning and transportation issues. The Defendant was elected as Treasurer of the ANC 7D, and he took an oath to serve the citizens of 7D in particular, and the residents of this District as a whole. He failed to do so, and he stole from the public. As Treasurer, the Defendant controlled the ANC's financial records and check books, and he enjoyed sufficient discretionary authority to manage the financial affairs of the ANC. The Defendant's purposeful course of conduct required some minimal planning. The Defendant arranged for ANC bank statements to be mailed to his home, rather than to the ANC office. He repeatedly rebuffed the ANC chairperson's requests to provide ANC financial reports, allowing him to successfully hide his criminal activity for months. Here, through a series of separate acts, the Defendant repeatedly abused a position of public trust, resulting in a loss of more than $49,000. This abuse of public trust would justify an enhancement under the Sentencing Guidelines, and certainly warrants a sentence at the high end of the Guidelines range in this case. See United States v. West, 56 F. 3d 216 (D.C. Cir. 1995); United States v. Gottfried, 58 F.3d 648 (D.C. Cir. 1995); see also United States v. Spear, 2007 WL 1821028 (10th Cir. 2007); United States v. Tiojanco, 286 F.3d 1019 (7th Cir. 2002); United States v. Allen, 201 F.3d 163 (2nd Cir. 2000).

      Second, a sentence of 12 months is necessary to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public. The Defendant's crime is particularly damning to participatory citizenry, and this Court should impose a sentence that will deter others from committing a similar offense. In the wake of the Defendant's actions, the ANC 7D funds were depleted, the ANC 7D has numerous outstanding, unpaid bills, and the ANC 7D is

unable to function. No one wanted to replace the Defendant as Treasurer, and the Chairperson was left to assume the role of Treasurer. The victims will look to the Court to impose a sentence that promotes respect for the law and deters the Defendant in particular, and others in general, from committing this type of crime in the future.

Finally, a sentence of 12 months imprisonment would provide just punishment to the Defendant in this case. Here, the Defendant knew what he was doing each time he forged the 66 checks. Still, he stole thousands of dollars and covered up his actions in order to avoid detection. The Defendant's crime demands a sentence of imprisonment.

### IV.   CONCLUSION

Wherefore, the government respectfully requests that the Court sentence the Defendant at the highest end of the Guidelines to a period of 12 months of incarceration, and order restitution in the amount of $49,800 to ANC 7D.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar 498-610

_____/s/_____
Precious Murchison
Assistant United States Attorney
Federal Major Crimes Section
Maryland Bar
555 4th Street, N.W.
Washington, DC 20530
(202) 307-6080
Fax: 353-9414