IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| v. ) | Cr. No. 07-087 (RCL) |
| ) | |
| ) | |
| MICHAEL CREASEY ) | |
| ) | |
| Defendant ) | |
| ) | |

**DEFENDANT'S REVISED MEMORANDUM IN AID OF SENTENCING**

Defendant, Michael Creasey, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Creasey asks the Court to sentence him to a period of incarceration of time served, to be followed by two years of supervised release. Mr. Creasey asks that his conditions of supervision include necessary mental health treatment.

**BACKGROUND**

On March 30, 2007, a one-count information was filed against Mr. Creasey, charging him with Uttering a Forged Security, in violation of 18 U.S.C. § 513(a).

On April 10, 2007, Mr. Medina pled guilty to Count One in accordance with a written plea agreement.

1

## DISCUSSION

I.   **THE POST-<u>BOOKER</u> SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in <u>Booker</u>, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. <u>See</u> 18 U.S.C. § 3553(a)(4)." <u>United States v. Booker</u>, _ U.S. __, 2005 WL 50108,*27 & n.1 (U.S. Jan. 12, 2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in <u>Booker</u> held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to <u>Booker,</u> therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in <u>Booker</u>–sentencing courts should consider the need for the sentence imposed:

>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B) to afford adequate deterrence to criminal conduct;
>
>   (C) to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available,

2

the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

II.   **UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. CREASEY SHOULD RECEIVE A SENTENCE OF INCARCERATION OF TIME SERVED**

A.    <u>Statutory Provisions</u>

Pursuant to 18 § 513(a), the maximum term of imprisonment is ten years.

3

B. Advisory Sentencing Guidelines

I. *Applicable Guideline Range*

The Probation Office, consulting the 2006 edition of the Guidelines Manual, has concluded that the Total Offense Level in this case is 10 and that Mr. Creasey's criminal history category is I, resulting in an advisory Guideline range of 6-12 months. Because the applicable Guideline range is within Zone B of the Sentencing Guidelines table, Mr. Creasey is eligible for probation, provided that at least six months of his probationary sentence be served in home or community confinement.[1]

C. Other Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available,

---

[1] At the time of this writing, counsel was unaware of the government's position with respect to the applicable advisory Guidelines range. In the event counsel for the government still intends to argue on behalf of a two-point enhancement for "abuse of trust" considerations as indicated in her objections to the PSR, Mr. Creasey notes his objection for the record. The plea into which Mr. Creasey entered–drafted by AUSA Denise Clark, Ms. Murchison's predecessor–specifically outlined the parties' understanding of the applicable Guidelines range in this case. Since no new information has surfaced, and because Mr. Creasey's criminal history is the same as what was anticipated, there has been no change warranting or justifying a two-level enhancement.

the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

Mr. Creasey committed a serious crime that not only resulted in a financial loss to the District of Columbia but also threatened to damage the reputation of his Advisory Neighborhood Commission. While Mr. Creasey knows that what he did was wrong–and, in fact, immediately indicated a desire to plead guilty–he submits that the reason behind his actions is relevant. As the Presentence Investigation Report (hereinafter, "PSR") notes, Mr. Creasey has no assets and lives in a low-income area in Northeast Washington, D.C. For the past fifteen years, he has been surviving, for the most part, on disability income. His "poor financial posture" (see PSR at para. 55, pg. 11) suggests that Mr. Creasey did not steal out of greed or materialism but stole, rather, to finance an alcohol and substance addiction for which he had never received treatment. While the reason behind his actions does not justify them, he submits that it is nevertheless an appropriate consideration.

*II. Characteristics of the Defendant*

As set forth in the PSR, Mr. Creasey is a 51-year-old man with a troubled physical and emotional history. Though he served his country for six years until he was honorably discharged from the Army, Mr. Creasey has not had significant employment for numerous years in light of the mental and physical health problems he has suffered. Mr. Creasey has received treatment for

back, feet and knee complications, as well as–intermittently–for depression. Mr. Creasey's emotional problems range from low-grade depression to major depression and bipolarity. While Mr. Creasey has taken the initiative of traveling to the VA hospital when he feels "down," he has not received the type of treatment he clearly needs to cope with his mental health challenges. As the Court well knows, Mr. Creasey has had suicidal thoughts and has even attempted to take his life on several occasions. Mr. Creasey knows he has a problem and often is able to control his illness through medication. When he does not have medication, or when he fails to use it, he sinks into a depression from which it is difficult, and painful, to emerge.

Mr. Creasey is an intelligent man who has channeled his intelligence in productive ways at various points in his life. As mentioned previously, he joined the Army in his late twenties and as recently as 2004 began attending classes in the hopes of obtaining a college degree. Sadly, his mental health issues and addictions have hampered his efforts in many respects. Mr. Creasey is not old, but he cannot move forward with a productive life as long as he is suffering from his psychoses and depression.

As indicated by his early acceptance of responsibility, Mr. Creasey is ashamed of his conduct in this case and wants to face the consequences and put his acts behind him. While his emotional problems cause him confusion and distraction at times, he knows what he did was wrong and he never indicated a desire to challenge the government's evidence.

   III.  *Needs of the Community and Public*

For the reasons stated in Section II, meaningful mental health treatment is the best means to ensure not only that Mr. Creasey will become healthier, but also that he will be able to contribute productively to society. Mr. Creasey has posed more of a danger to himself than to

others, and the community would reap no benefit from his incarceration. Given that he had never served any time incarcerated, Mr. Creasey's two-week period at the DC Jail went a long way towards fulfilling sentencing's punitive purpose. What he needs, and what will benefit his communities small and large, is rehabilitation through treatment.

## CONCLUSION

For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Creasey asks the Court to sentence him to a period of incarceration of time served, to be followed by a two-year period of supervised release. Furthermore, Mr. Creasey asks the Court to prescribe whatever mental health treatment the Probation Office deems appropriate. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Lara G. Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500 ex.126